## Alfred N. Harris, Plff. in Err., *v.* Edward Kelley.

Where a building with a brick floor is let for a roller skating and bicycling rink, with a covenant in the lease that all improvements shall

---

NOTE.—Ordinarily, fixtures erected for trade purposes by the tenant may be removed at the expiration of his term (Heffner v. Lewis, 73 Pa. 302; Seeger v. Pettit, 77 Pa. 437, 18 Am. Rep. 452); but not after (Davis v. Moss, 38 Pa. 346; Darrah v. Baird, 101 Pa. 265). And the tenant may recover in trover, where the landlord wrongfully prevents removal. Watts v. Lehman, 107 Pa. 106. But a different rule applies where the agreement provides for the keeping of the property upon the premises after the term has ended. Jermyn v. Dickson, 3 Luzerne Legal Reg. 100. In such case the landlord may maintain trover, though the property be removed during the term. Morgan v. Negley, 3 Pittsb. 33.

be the property of the lessor, a wooden floor laid by the lessee is an im-
provement within the meaning of the covenant, and is not subject to exe-
cution upon a judgment against the lessee.

.(Argued March 27, 1888.   Decided April 23, 1888.)

January Term, 1888, No. 229, E. D. All the Judges present.
Error to Common Pleas No. 3 of Philadelphia County to review
a judgment on a verdict for the plaintiff in a sheriff's inter-
pleader, December Term, 1885, No. 675.   Affirmed.

This was a feigned issue to determine the ownership of a
wooden floor, levied on as the property of Ephraim D. Slater
and others, at the suit of Alfred N. Harris, and claimed by
Edward Kelley.   In this issue the claimant was plaintiff, and
the defendant in the execution was defendant.

At the trial before REED, J., it appeared that the premises
when leased by the plaintiff Kelley to Slater and others, to be
used as a roller skating and bicycling rink, had a brick floor over
which the lessees laid the floor in question.   This floor was of
pine and maple and was not physically annexed to the walls
or brick floor, but merely rested on the latter.

The lease contained the following covenant: "All improve-
ments erected or placed in said building to be and remain at
the expiration of this lease the property of the lessor"—except-
ing certain things, among which a floor was not mentioned.

The court below left it to the jury to say whether the floor
was an improvement, within the meaning of the lease, as
claimed by the plaintiff.

Verdict and judgment for the plaintiff.

The assignments of error specified substantially this action
on the part of the court below.

W. Henry Smith, for plaintiff in error.—In construing the
lease, full effect must be given to the stipulations providing for
the use of the demised premises as a roller skating rink or for
giving instructions and exhibitions on the bicycle, and for a
surrender of the premises at the end of the term, in the like
good order and condition they were then in, as well as to the
clause providing that the improvements should remain and
become the property of the lessor at the expiration of the term.
1 Addison, Contr. 285 [*181]; 2 Wharton, Contr. § 662; 2
Parsons, Contr. *501; 2 Bl. Com. *379, § 3; Smith v. National
L. Ins. Co. 103 Pa. 181, 49 Am. Rep. 121.

Without alleging fraud, accident, or mistake in the execution of the lease, the lessor had no right to prove a different agreement or talk between the parties at that time, which would give him a title to the floor, or any other fixture necessary to the tenant's business, which might be put up by him, unless it was used as an inducement for him to sign the contract; or there has been "an attempt to make a fraudulent use of the instruments in violation of a promise or agreement made at the time." Martin v. Berens, 67 Pa. 459; Thorne v. Warfflein, 100 Pa. 519, 12 W. N. C. 425; Phillips v. Meily, 106 Pa. 536, 15 W. N. C. 225; Bowman v. Tagg, 5 Sad. Rep. 74; Sylvius v. Kosek, 117 Pa. 67, 2 Am. St. Rep. 645, 11 Atl. 392; Gehres v. Crawford, 6 Sad. Rep. 378; Coen v. Adamson, 7 Sad. Rep. 201; Renshaw v. Gans, 7 Pa. 117.

The learned judge charged the jury that the lease was ambiguous; that it was for them to determine whether the floor levied upon was an "improvement." If an ambiguity existed it was *ambiguitas patens,* which is never helped by averment, and no parol testimony of expressed intention can be admitted. 1 Greenl. Ev. 387, § 300; Taylor, Ev. §§ 1213, 1214, 1217, 1218; Jones v. Kroll, 116 Pa. 85, 8 Atl. 857.

The term "improvement" does not express with certainty what property should belong to the lessor at the end of the term. But what the contract left indefinite, the law fixes with precision.

All fixtures erected by a tenant on demised premises, for the purpose of carrying on his trade or business, are personal property and may be removed by him during the term, levied on by a fi. fa. agaist him, and at his death pass to his executor. Lemar v. Miles, 4 Watts, 330; Hey v. Bruner, 61 Pa. 87; Seeger v. Pettit, 77 Pa. 437, 18 Am. Rep. 452.

*John M. Ridings* for defendant in error.

PER CURIAM:

We agree with the counsel for the defendant, that the court should have construed the lease as a matter of law, and not have left that as a question of fact for the jury. There was nothing ambiguous in its language, and nothing that required oral explanation. But as this, in our opinion, would not have helped the defendant, rather the contrary, we cannot reverse the judgment for this reason. All improvements made upon the build-

ing with certain exceptions, of which the floor in controversy
was not one, were to remain as part of the property; and cer-
tainly if the building was to be changed into and used as a
roller skating and bicycling ring, a new floor of some kind was
necessary. Hence, when the new wooden floor was put in, it
was clearly an improvement, designed to fit the property for its
proposed use; and as it did not come within the exceptions, it
became part and parcel of the building, and could not be re-
moved without the landlord's consent.

The judgment is affirmed.